UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

CHRISTOPHER ANTONELLI, III          :     BK No. 08-13903
        Debtor                            Chapter 7
                                    :

ROSEANNE DeANGELIS
        Plaintiff                   :

v.                                  :     A.P. No. 09-1013

CHRISTOPHER ANTONELLI, III          :
        Defendant
- - - - - - - - - - - - - - - - - -x


## ORDER GRANTING SUMMARY JUDGMENT, DETERMINING DEBT TO BE NONDISCHARGEABLE, AND ENTERING MONETARY JUDGMENT


APPEARANCES:

    Russell D. Raskin, Esq.
    Attorney for Debtor/Defendant
    RASKIN & BERMAN
    116 East Manning Street
    Providence, Rhode Island 02906

    James Moretti, Esq.
    Attorney for Plaintiff
    RENICK & CAFFREY
    300 Centerville Road #300W
    Warwick, Rhode Island 02886




**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13903; A.P. No. 09-1013

Heard on creditor Roseanne DeAngelis's Motion for Summary Judgment in the above captioned adversary proceeding.  The issues before this Court are: (1) whether the Debtor is collaterally estopped from challenging the Decision and Order of the Rhode Island Commission for Human Rights ("the Commission"), wherein judgment was entered against the Debtor for violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. L. § 28-5-7, and (2) whether the rulings of the Commission Hearing Officer constitute findings of willful and malicious conduct sufficient to declare Plaintiff's claim nondischargeable under 11 U.S.C. § 523(a)(6). Upon consideration of the facts and applicable law, and after reviewing the record of the Commission proceedings, I conclude that both issues should be answered in the affirmative, and that summary judgment should enter for the Plaintiff.

### DISCUSSION

"Collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case."  *In re Jones,* 300 B.R. 133, 137 (B.A.P. 1st Cir. 2003) (citations omitted).  For collateral estoppel to apply to a later action, a party must establish that:  (1) the issue sought to be precluded is the same as the one in the prior action; (2) the

1

BK No. 08-13903; A.P. No. 09-1013

issue was actually litigated in the prior action; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of said issue was essential to the judgment. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30-31 (1st Cir. 1994). "An issue may be actually decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation." *Id.* (emphasis in original).

In the bankruptcy context, collateral estoppel applies in § 523(a) dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). And preclusive effect may be given to State judicial proceedings, as well as to State administrative agency proceedings, provided the agency acted in a judicial capacity, resolved disputed issues of fact, and the parties had an adequate opportunity to appear and be heard. *Baez-Cruz v. Municipality of Comerio*, 140 F.3d 24, 28 (1st Cir. 1998).

The Debtor has repeatedly argued that the Commission's findings cannot have preclusive effect because he did not receive sufficient notice of the Commission proceedings, and therefore, he did not have a fair opportunity to litigate the matter. When this issue was addressed for the last time during the parties' final arguments, however, that contention was withdrawn after he was

2

BK No. 08-13903; A.P. No. 09-1013

reminded, and shown, that the transcript clearly reflects that the
Debtor had full and fair notice of the Commission proceedings, and
that his failure to appear was specifically noted by the Commission
Hearing Officer at the beginning of the hearing.   The Commission
transcript also belies the Debtor's affidavit, in which he
unpersuasively alleged that notice was lacking.   Frankly, the
Debtor's affidavit is not credible on its face, it is factually
inconsistent and illogical, and it is a generally unreliable piece
of the record.   At one place in his affidavit, the Debtor states
that he received no notice of the Commission proceedings, and in
another he states that as he was preparing for the hearing, he
received a hand-delivered notice that the hearing had been
rescheduled.  Because the Debtor's sworn statements lack credence,
this Court is satisfied that the notice element necessary for the
application of collateral estoppel has clearly been established.
Accordingly, the Plaintiff may rely on the Commission's
determinations in support of her request for summary judgment.

This brings us to the content of the Commission decision, vis-
a-vis bankruptcy dischargeability standards.   Section 523(a)(6)
excepts from discharge any debt "for willful and malicious injury.
. . ."   Injury inflicted willfully and maliciously "is one
inflicted intentionally and deliberately, and either with intent to
cause the harm complained of, or in circumstances in which the harm

3

BK No. 08-13903; A.P. No. 09-1013

was certain or almost certain to result from [the] debtor's act."

*In re Jones,* 300 B.R. at 140 (citations omitted).  The Commission's

findings and conclusions are sufficient to support its finding that

the Debtor's actions were deliberate and intentional, and intended

to harm the Plaintiff.[1]  The Commission specifically found that the

Debtor engaged in sexual harassment, in violation of R.I. Gen. L.

§ 28-5-7, and that the Plaintiff met her burden to show that the

Debtor's conduct, including his offensive and inappropriate

comments, repeated sexual advances, and a barrage of threatening

telephone messages, was "sufficiently pervasive and severe so as to

alter the conditions of her employment and create an abusive work

environment." *RICHR No. 05 ESH 233, Decision and Order.*  Further,

the Commission's award of compensatory damages for "emotional

distress, fear, pain, and suffering" was clearly supported in its

Decision.   *Id.*   This Court, therefore, concludes that the

Commission's finding of sexual harassment is equivalent to, and

sufficient to support a finding of willful and malicious injury

under § 523(a)(6).

Accordingly, the Plaintiff's Motion for Summary Judgment is

GRANTED, her claim against the Debtor is determined to be

---

[1]    Though uncontradicted evidence may not always be
conclusive, there is no reason here not to adopt the Commission's
findings based on the Plaintiff's uncontroverted testimony. *See In
re Svendsen,* 34 B.R. 341, 343 (Bankr. D.R.I. 1983).

BK No. 08-13903; A.P. No. 09-1013

nondischargeable, and Judgment should enter for the Plaintiff in

the full amount of the Commission Decision and Order, $131,035.88,

with interest of 12% per year.   *See Baker v. Friedman (In re*

*Friedman),* 300 B.R. 149 (B.A.P. 1st Cir. 2003).

   Enter Judgment consistent with this Order.

   Dated at Providence, Rhode Island, this      19th      day

of May, 2010.

_____
   Arthur N. Votolato
   U.S. Bankruptcy Judge

Entered on docket: 5/19/10

5