```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

CHRISTOPHER ANTONELLI III           :   BK No. 08-13903
          Debtor                            Chapter 7
- - - - - - - - - - - - - - - - - -x

ROSEANNE DeANGELIS                  :
          Plaintiff

v.                                  :   A.P. No. 09-1013

CHRISTOPHER ANTONELLI III           :
          Defendant
- - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER

APPEARANCES:

    James Moretti, Esq.
    Attorney for Plaintiff
    RENICK & CAFFREY
    300 Centerville Road #300W
    Warwick, RI 02886

    Russell D. Raskin, Esq.
    RASKIN & BERMAN
    Attorney for Defendant/Debtor
    116 East Manning Street
    Providence, RI 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13903; A.P. No. 09-1013

Heard on Roseanne DeAngelis's ("Plaintiff") Application for the Issuance of a Writ of Execution pursuant to a judgment entered on May 21, 2010 against Christopher Antonelli, III ("Defendant"). At issue is whether this Court should adopt an "expansive" view, or a "limited jurisdiction" approach regarding its power to enforce a judgment based on a claim that has been held to be nondischargeable. Given the undisputed facts, the applicable law, and for the reasons discussed below, Plaintiff's Application for the Issuance of a Writ of Execution is **DENIED**.

## DISCUSSION

Plaintiff urges the Court to rule that it has the power to determine money damages in dischargeability proceedings. "[A]llowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief." *In re Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991)(*citing Alexander v. Hillman*, 296 U.S. 222, 242 (1935)). While the court's language in *Hallahan* certainly was a reasonable statement in 1935 and 1991, recent Supreme Court treatment of this subject has cast

BK No. 08-13903; A.P. No. 09-1013

a much dimmer light on the power of non-Article III courts to render money judgments in dischargeability litigation.[1]

The relevant case in the First Circuit is *In re Cambio*, 353 B.R. 30, 34 (1st Cir. B.A.P. 2004), where the Bankruptcy Appellate Panel ("BAP") adopted the "limited jurisdiction" approach, holding that Bankruptcy jurisdiction is confined to determining dischargeability.  Thereafter, once a claim is held to be nondischargeable, the bankruptcy court may not then issue a writ of execution, and the state court is the proper forum for the Plaintiff to obtain the relief she is seeking here.  The panel in *Cambio* considered both the "limited" and "expansive" approaches in detail, and concluded that where "the only effect of the money judgment against this debtor would be to enhance [the Plaintiff's] future ability to collect the debt from [the Defendant's] post-bankruptcy income and assets, with no effect at all on property of

---

[1] "What is plain here is that this case involves the most prototypical exercise of judicial power: the entry of a final, binding judgment by a court with broad substantive jurisdiction, on a common law cause of action, when the action neither derives from nor depends upon any agency regulatory regime.  If such an exercise of judicial power may nonetheless be taken from the Article III Judiciary simply by deeming it part of some amorphous 'public right,' then Article III would be transformed from the guardian of individual liberty and separation of powers we have long recognized into mere wishful thinking."  *See Stern v. Marshall*, 131 S.Ct. 2594, 2615 (2011).

BK No. 08-13903; A.P. No. 09-1013

the bankruptcy estate or creditors' claims against the estate . . . the bankruptcy court's role should be limited by applying the limited jurisdiction approach." *Cambio*, 353 B.R. at 34.

Here, Plaintiff's claim is based on a decision of the Rhode Island Commission on Human Rights, which resolved a two party dispute that is clearly unrelated to the bankruptcy estate. While it is, of course, a function of this Court to hear and determine § 523 and § 727 denial of discharge issues, that jurisdiction does not include the power to issue a Writ of Execution in a dispute where the outcome will have no effect on the bankruptcy estate. Accordingly, Plaintiff's Application for the Issuance of a Writ of Execution is **DENIED**. Of course, she is free, and encouraged to pursue her collection rights in the Rhode Island state courts.

Enter as an opinion of the Court:

                              Arthur N. Votolato
                              U.S. Bankruptcy Court

Entered on docket: 11/10/11

3